## Comins Estate

*Raymond B. Reid,* for accountant.

*Carolus A. Wade* and *A. Bruce Niccolo,* for claimants.

MACELREE, P. J., January 6, 1964.—The administrator of the estate of Eva Jay Comins contends that he is entitled to one-third of the net proceeds of the sale of real estate, to wit: one-third of $16,331.27, and as we interpret the contention of counsel for the residuary legatees, he contends that the estate of Eva Jay Comins is entitled to but one-third of the balance of principal cash of $10,094.50.

Counsel for the administrator of the estate of Eva Jay Comins further contends that said administrator is entitled to one-third of the net income from said real estate between the death of decedent and the sale of said real estate, a total net income being in the sum of $657.33.

It is conceded that the share of the principal of decedent's estate, passing to the surviving spouse, is subject to transfer inheritance tax thereon at the rate of two percent.

This court does not agree with either of the contentions heretofore noted.

As pointed out by Mr. Chief Justice Bell, in Dinkey Estate, 403 Pa. 179, 182:

"It is by now hornbook law (1) that the testator's intent is the polestar and must prevail [citing cases] ; and (2) that the intent must be gathered from a consideration of all the language contained in the four corners of his will and not merely from isolated clauses or provisions thereof [citing cases] ; and (3) that technical rules or canons of construction should be resorted to only if the language of the will is ambiguous or conflicting or the testator's intent is for any reason uncertain [citing cases]."

The first paragraph of decedent's will provides:

"I direct my executrix, hereinafter named, to pay all my just debts and funeral expenses as soon as convenient after my decease."

The second paragraph of the will is as follows:

"I give one-third of my real estate to my wife, Eva Jay Comins, if she survives me, and the privilege of occupying our present apartment so long as she lives if she does not remarry."

The third, fourth and fifth paragraphs of the will make pecuniary bequests to certain of testator's relatives and friends.

The sixth paragraph of the will then provides:

"I give one-third of my real estate to my wife, Eva and remainder of my estate, real or mixed, to my three children, namely, Annie L. Slaymaker, Oliver L. Comins, and Sarah J. Kreamer, in equal shares, share and share alike, their heirs and assigns forever."

The seventh paragraph of the will provides:

"I appoint my daughter, Annie L. Comins Slaymaker executrix hereof, and authorize and direct her to sell and convey at private or public sale, any real estate, to any purchaser, for the purpose of settlement and distribution thereof without any liability on the part of the

purchaser to see to the application of the purchase money."

The language used by decedent is strikingly similar to that used by decedent in Ostheimer's Estate, 28 D. & C. 624, 625.

In the subject estate, as in Ostheimer's Estate, decedent directed that his debts and funeral expenses should first be paid.

As pointed out by the late Judge Waite, in Ostheimer's Estate, "These are to be ascertained, paid and deducted from the total assets of the estate before the legacy to the widow as provided in the second paragraph can be determined. 'Funeral expenses' is self-explanatory, and 'all my just debts' include all lawful and just obligations of decedent at the time of his death. The attorney fees and costs of administration are obligations against decedent's property arising after his death and incident to the settlement of the estate and are not debts of decedent, and therefore, are not to be deducted before computing the widow's legacy."

Up to this point, the situation is precisely similar to that in Ostheimer's Estate.

In Ostheimer's Estate, decedent devised and bequeathed unto his wife, one-half of his entire estate.

In the subject estate, decedent gives *one-third of his real estate* to his wife, Eva Jay Comins.

At this point, decedent's will resembles that in Thompson's Estate, 229 Pa. 542, where decedent made a gift of "one-half of all my personal property" to testator's widow, which was construed to mean one-half without deduction for debts, legacies or expenses of administration.

It is to be noted, however, in Thompson's Estate, decedent's will contained no direction as to the payment of the decedent's debts and funeral expenses.

This court is of opinion that testator, with whom we are concerned, made a provision as to debts and funeral expenses not present in Thompson's Estate.

We conclude that the clear intention of decedent, as expressed in his will, was that his surviving spouse, Eva Jay Comins, having survived decedent and having remained unmarried, was entitled to receive one-third of the net proceeds of the real estate after deducting therefrom decedent's debts and funeral expenses and the family exemption.

Reducing these conclusions to mathematical calculations, we conclude that the net proceeds of the real estate, to wit: $16,331.27, should be subjected to the family exemption of $1,000, to preferred debts in the amount of $1,868.76, and to other debts in the amount of $1,583.84, leaving a net amount of $12,028.40, of which amount one-third thereof is $4,009.46.

We further conclude that said sum of $4,009.46 is subject to transfer inheritance tax at the rate of two percent, or $80.19, leaving a final figure of $3,929.27.

We are further of opinion that under the provisions of section 501 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended, read in conjunction with section 753(b) of the Fiduciaries Act of 1949, as amended, that the estate of Eva Jay Comins is entitled to a proportionate share of the net income from property given to her accrued from the date of the death of decedent, which reduced to mathematical calculations would be one-third of $612.94, or the sum of $204.31.